WO                                                                                                JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Scott Sevelis,<br><br>                    Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>                    Respondents. | No.   CV 21-00951-PHX-JAT (MTM)<br><br>**ORDER** |

On June 1, 2021, Petitioner Timothy Scott Sevelis, who is confined in the Central Arizona Florence Correctional Complex (CAFCC), filed a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody.  Petitioner did not pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis.  In a June 10, 2021 Order, the Court dismissed the Petition because it was not filed on the court-approved form and gave Petitioner 30 days to pay the filing fee or file an Application to Proceed and to file an amended petition using the court-approved form included with the Order.

On June 14, 2021, Petitioner filed an Application to Proceed In Forma Pauperis and a letter.  In a June 27, 2021 Order, the Court denied the letter and the deficient Application to Proceed and gave Petitioner 30 days to pay the filing fee or file an Application to Proceed In Forma Pauperis (Habeas).

On June 21, 2021, Petitioner filed an Amended Petition (Doc. 8), and on July 12, 2021, he paid the filing fee.  The Court will dismiss the Amended Petition with leave to amend.

## I.   Amended Petition

In his Amended Petition, Petitioner names Warden K. Kline as Respondent. Petitioner asserts claims regarding his conditions of confinement.  Specifically, Petitioner contends his First Amendment right to freedom of speech was violated when Daniel Beckwith of Dismas Charities, Inc.[1] "commandeered" two of Petitioner's letters that were in the postal outbox, opened them, and read them; his First Amendment right to free exercise of his religion has been violated "multpl[e] times" because he has asked to attend Roman Catholic Church services, apparently outside of the prison, but has been denied permission; his Fourth Amendment rights were violated by seizure of his "authorized" phone, property, and "bodily self" and his detention by the U.S. Marshal's Service at CAFCC since April 2, 2021; and some unnamed individual committed the federal offense of mail tampering and misuse of government funds, and the criminal charges have been "turned over for prosecution."[2]

Claims concerning conditions of confinement and violations of constitutional rights during detention are not cognizable in a habeas corpus proceeding; rather, Petitioner must seek relief for such claims in a civil rights proceeding.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas relief]"); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)) (a civil rights action is the proper method to challenge conditions of confinement).  The Court will therefore dismiss the Amended Petition with leave to amend.

The Court notes that Petitioner appears to be attempting in part to challenge events

---

[1] Dismas Charities, Inc., operates halfway houses, including a halfway house in Tucson.  *See* https://www.dismas.com/about/ (last visited July 14, 2021).

[2] According to the Federal Bureau of Prisons (BOP) inmate locator, Petitioner is subject to the Phoenix Residential Reentry Management Field Office.  *See* https://www.bop.gov/inmateloc/ (search Register Number 72012-408) (last accessed July 15, 2021).  According to that site, Petitioner's release date is September 20, 2021.  *Id.*

while he was placed at a Dismas Charities halfway house, prior to being detained at CAFCC. Because Petitioner is no longer housed at the halfway house, it appears that any habeas corpus claim would be rendered moot as to such placement.

Further, Petitioner should be aware that to the extent that he is attempting to assert a due process claim with respect to his halfway house placement, the Court must first determine whether a constitutionally protected liberty interest is implicated by any decision concerning Petitioner's placement in the halfway house. *See Lyle v. Sivley*, 805 F. Supp. 755, 760 (D. Ariz. 1992). "A liberty interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. With regard to the Due Process Clause itself, the Supreme Court has held that the transfer of an inmate to a more restrictive environment does not impinge on any constitutionally created liberty interest, even where "severe hardships" to the prisoner result." *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 & n.7 (1983)). Thus, "it is apparent that the Due Process Clause does not give rise to a liberty interest in pre-release treatment." *Id.*

In addition, the statute governing placement in halfway houses provides, "The Director of the Bureau of Prisons shall, *to the extent practicable*, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1); *see Lyle*, 805 F. Supp. at 761. The Ninth Circuit Court of Appeals has observed that "the word 'shall' alone is not sufficient [to create a liberty interest]. Rather, the liberty interest is created when the word 'shall' is used to mandate certain procedures." *Toussaint v. McCarthy*, 801 F.2d 1080, 1098 (9th Cir. 1986). In addition, as the Court in *Lyle* noted, the word "shall" in section 3624(c) "is immediately followed by the qualifying phrase 'to the extent practicable.' Practically speaking, the statutory language leaves much room to maneuver: section 3624 'stop[s] short of requiring that a particular result is to be reached upon a finding that the substantive predicates are met.'" 805 F. Supp. at 761 (quoting *Kentucky*

*Dep't of Corr. v. Thompson*, 490 U.S. 454, 463-64 (1989)).  Thus, section 3624(c) does not create a protected liberty interest.  *Id.*  If a petitioner does not have a protected liberty interest in placement in a halfway house at all, it follows that he does not have a protected liberty interest in remaining for a particular duration.

Alternatively, Petitioner may be attempting to challenge his detention at CAFCC. If so, Petitioner must allege facts to support that such detention violated his constitutional or federal statutory rights.

## II.    Leave to Amend

Within 30 days, Petitioner may submit a second amended petition on the court-approved form.  The Clerk of Court will mail Petitioner a court-approved form to use for filing a second amended petition.  If Petitioner fails to use the court-approved form, the Court may strike the second amended petition and dismiss this action without further notice to Petitioner.

Petitioner's second amended petition should clearly set out each claim Petitioner is making.  If Petitioner cannot fit all of his supporting facts or arguments in favor of a particular ground on the court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular ground on the court-approved form.

Petitioner is advised that the second amended petition must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the previous Petitions by reference.  Any second amended petition submitted by Petitioner should be clearly designated as such on the face of the document.

A second amended petition supersedes the original and Amended Petitions.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any ground for relief that was raised in the original or Amended Petitions and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended petition.  *Lacey v.*

*Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**III.   Warnings**

   **A.     Address Changes**

   Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

   **B.     Possible Dismissal**

   If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

   (1)     The Amended Petition (Doc. 8) is **dismissed with leave to amend**. Petitioner has **30 days** from the filing date of this Order to file a second amended petition in compliance with this Order.

   (2)     If Petitioner fails to file a second amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

   (3)     The Clerk of Court must mail Petitioner the current court-approved form for filing a "Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody."

   Dated this 21st day of July, 2021.

                                        James A. Teilborg
                                        Senior United States District Judge

- 5 -

**Instructions for Filing a Petition Under 28 U.S.C. § 2241
for Writ of Habeas Corpus by a Person in Federal Custody
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons.  You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence.  If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should **file your petition in the division where you are detained**.  *See* LRCiv 5.1(a).  If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division.  If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division.  If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your

1

petition in the Tucson Division. *See* LRCiv 5.1(b) and 77.1(a). **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | | Tucson, Arizona 85701-5010 |

7. <u>Change of Address</u>. You must immediately notify the Court and respondents in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>. You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed. Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>        Attorney for Respondent(s)
> _____
> (Signature)

9. <u>Amended Petition</u>. If you need to change any of the information in the initial petition, you must file an amended petition. The amended petition must be written on the court-approved petition for writ of habeas corpus form. You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier. *See* Fed. R. Civ. P. 15(a). Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1. An amended petition may not incorporate by reference any part of your prior petition. LRCiv 15.1(a)(2). **Any grounds not included in the amended petition are considered dismissed**.

10. <u>Exhibits</u>. If available, you should attach a copy of all federal court and administrative written decisions regarding the detention corpus you are challenging. You should **not** submit any other exhibits with the petition. Instead, the relevant information should be paraphrased in the petition.

11. <u>Letters and Motions</u>. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. Exhaustion.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner Number/Alien Registration Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Petitioner)

                  Petitioner,

v.

_____ ,

(Name of Warden, Jailor or authorized person having custody of Petitioner)

                  Respondent.

**CASE NO.** _____

               (To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY**

## PETITION

1.   What are you challenging in this petition?
     ☐   Immigration detention
     ☐   Bureau of Prisons sentence calculation or loss of good-time credits
     ☐   Probation, parole or supervised release
     ☐   Other (explain): _____
_____

2.   (a)  Name and location of the agency or court that made the decision you are challenging: _____
_____

    (b)  Case or opinion number: _____

    (c)  Decision made by the agency or court: _____
_____
_____

    (d)  Date of the decision: _____

**530**

3.  Did you appeal the decision to a higher agency or court?      Yes ☐      No ☐

If yes, answer the following:

(a)  First appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____
    _____
    _____
    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____
    _____
    _____
    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☐        No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

3

**GROUND ONE**: _____

_____
_____
_____
_____
_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

    (b)  Did you exhaust all available administrative remedies relating to Ground One?     Yes ☐     No ☐

    (c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____
_____
_____
_____
_____
_____
_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☐     No ☐

(c)  If yes, did you present the issue to:
      ☐ The Board of Immigration Appeals
      ☐ The Office of General Counsel
      ☐ The Parole Commission
      ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

_____

5

**GROUND THREE**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐     No ☐

(c)  If yes, did you present the issue to:
　　　　☐ The Board of Immigration Appeals
　　　　☐ The Office of General Counsel
　　　　☐ The Parole Commission
　　　　☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Four?   Yes ☐      No ☐

    (c)  If yes, did you present the issue to:
          ☐ The Board of Immigration Appeals
          ☐ The Office of General Counsel
          ☐ The Parole Commission
          ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

_____

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐          No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

     If yes, answer the following:

     (a)   Have you filed a motion under 28 U.S.C. § 2255?        Yes ☐          No ☐

         If yes, answer the following:

         (1)  Name of court: _____

         (2)  Case number: _____

         (3)  Opinion or case number: _____

         (4)  Result: _____

         (5)  Date of result: _____

         (6)  Issues raised: _____
         _____
         _____
         _____

         **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

     (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____
_____
_____
_____
_____

8.   If this case concerns immigration removal proceedings, answer the following:

     (a)   Date you were taken into immigration custody: _____

     (b)   Date of removal or reinstatement order: _____

     (c)   Did you file an appeal with the Board of Immigration Appeals?   Yes ☐          No  ☐

         (1)  Date you filed: _____

         (2)  Case number: _____

         (3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?      Yes ☐          No  ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.   Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                              Date


9