**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Scott Sevelis,<br><br>   Petitioner,<br><br>v.<br><br>K. Kline,<br><br>   Respondent. | No. CV-21-00951-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("Petition"). Respondent has filed an answer and a motion to dismiss. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice and that Respondent's motion to dismiss be denied as moot. Neither party has objected to the R&R and the time for filing objections has run.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

Accordingly,

**IT IS ORDERED** that the R&R (Doc. 21) is accepted. The Petition, as amended, (Doc. 11) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly. Respondent's motion to dismiss for failure to exhaust administrative remedies (Doc. 18) is denied as moot because Respondent did not object to this recommendation. The Court will not address the recommendation regarding a certificate of appealability because a certificate of appealability is not required in an action pursuant to 28 U.S.C. § 2241. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (order).

Dated this 13th day of May, 2022.

James A. Teilborg
Senior United States District Judge

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's 2003 *en banc* decision in *Reyna-Tapia* on the standard of review.